**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  23-CR-20271-DSL**

UNITED STATES OF AMERICA,

          Plaintiff,

v.

BRETT BLACKMAN,

          Defendant.

                                  /

**MOTION TO CONTINUE**

Brett Blackman files this motion to continue the trial in this case to October 2026 or thereafter. Counsel understands this Court previously denied Mr. Blackman's motion to continue. Mr. Blackman files this subsequent motion to clarify the issues with discovery and the unexpected but significant amount of time it took to obtain access to the complete universe of discovery. Mr. Blackman files this motion also to provide an *ex parte* addendum laying out in detail what defense counsel needs to do in advance of the trial that we will not be able to complete before April 20, 2026.

Appointed counsel has not had enough time to effectively represent Mr. Blackman at trial on April 20, 2026. This Court appointed CJA counsel to represent Mr. Blackman on June 26, 2025 and set the trial date for April 20, 2025. At that time, defense counsel anticipated receiving access to the complete universe of discovery, in an accessible and searchable format, essentially immediately. Such was not the case. Defense counsel did not have access to all the discovery in one place until **January 2026**, but even then, it was not all in a searchable format. As of the filing of this

1

motion, defense counsel still does not have all the discovery in one place in a searchable format. In other words, one month out from a trial, **defense counsel is still not able to run searches across all discovery.** It is ineffective to go to trial in a case of this magnitude without the ability to run searches over the entire discovery productions one month out from trial. The delay in getting access to discovery has significantly delayed the trial preparation.

There are 73 discovery productions in this case. In advance of the first trial, this Court appointed a coordinating discovery attorney ("CDA"), Julie de Almeida, to assist with processing government discovery and making it available to defense counsel on a searchable platform.[1] CasePoint was chosen as the software platform for the discovery. The government provided the CDA with productions 1–34, but did not provide her with productions 35–71. In fact, the CDA was not aware that productions 35–71 existed.

After the mistrial, Mr. Rafferty gave newly-appointed counsel a hard drive that contained productions 1–34. Defense counsel at the time believed it contained *all* government discovery. The CDA believed it contained all the discovery. While defense knew of the prior existence of the discovery database in CasePoint, defense counsel understood it did not include all the productions. Further, while CasePoint was being used prior to the first trial, the database was deactivated after the trial and defense counsel did not have access to it. Consequently, defense counsel focused on the

---

[1] Ms. de Almeida was appointed through Defender Services because co-defendant Gary Cox had CJA counsel. At the time, Mr. Blackman had retained counsel.

provided hard drive, believing it contained everything. But it contained less than half of the productions.

It was only in October 2025 that the defense paralegal, Cynthia Gilbert, discovered that there were 37 productions *that defense did not have*. She then began working with the CDA to obtain the missing productions. In October, the government paralegal sent a hard drive to the CDA containing productions 35–71. The CDA had CasePoint reactivated and sent productions 35–71 to be uploaded to CasePoint. They were uploaded onto CasePoint at the end of November 2025, and Ms. Gilbert was given CasePoint access on December 2, 2025. However, neither Ms. Gilbert nor defense counsel had a copy of those productions; they were only available on CasePoint. But because defense counsel understood CasePoint did not contain all the productions, defense counsel and Ms. Gilbert worked to get a copy of productions 35–71 in order to consolidate all the discovery in a single place and to make it searchable in order to run searches across the entire university of the 3+ Terabytes of discovery. It was not until **January 15, 2026,** that defense counsel was finally able to obtain a copy of productions 35–71 and had all the productions in one place. However, productions 35–71 were not searchable, as they were downloaded from the government's dropbox. So while defense counsel had all the discovery consolidated, it was still not all searchable.

The CDA is currently processing productions 35–73 to be searchable, and then will make those available for download to Ms. Gilbert, who can then combine that with the prior hard drive to put all productions in one searchable place. But that is *still not available* to defense counsel.

In sum: defense counsel ***still does not have all the discovery in a single location in a searchable format and is still unable to run a search across all discovery***, through no fault of Mr. Blackman. Defense counsel has productions 1–34 on a hard drive in searchable format. And defense counsel has productions 35–71 on a hard drive *not* in a searchable format.

The CasePoint database has not solved the problem. First, it was deactivated after the trial. It had to be placed online again, and as stated above, the defense team did not have access to that database until December 2, 2025. Second, the database is missing a significant portion, both by number and content, of the discovery. For example, defense counsel attempted to search in CasePoint for a document listed in a spreadsheet provided by the government allegedly containing a list of all the documents of co-conspirator statements. But the first document from that list that defense counsel attempted to find was not in CasePoint. She inquired of the CDA who informed her that not all of productions 1–34 had been loaded into CasePoint, but ***only the productions the government identified as important***. Defense counsel was informed that the full discovery was not uploaded to CasePoint because it would have cost too much money. Consequently, all searches in CasePoint have been limited to the discovery ***the government has determined is relevant to the defense case***. Such limitations on discovery review for defense counsel is not only constitutionally problematic, but it has shown to be specifically problematic here. Defense counsel has found, somewhat randomly, key pieces of evidence in productions that the government identified as unimportant and thus were not uploaded to CasePoint. It is also obvious that those productions identified by the government do not include all

the relevant documents to this case as they do not include a document identified by the government as containing a relevant co-conspirator statement.

Defense counsel are ethically and constitutionally required to represent Mr. Blackman effectively. In a case this size, not being able to search across the entire universe of discovery when discovery is over 3 terabytes is constitutionally insufficient. Defense counsel cannot rely on what prior conflicted counsel prepared and simply mimic the defense. Indeed, if we did so, Mr. Blackman, if convicted, would surely have a claim under 28 U.S.C. § 2255. Effective representation as guaranteed by the Sixth Amendment requires that defense counsel independently review government discovery and investigate the case.

While defense counsel was optimistic at the status at the end of June 2025 with respect to the trial date, she did not anticipate that she would not even have access to over half the discovery productions until December 2, not have it in one place until January 2026, and still not be able to run searches across the entire universe of discovery one month before trial.

Equal protection also demands a continuance. After the mistrial, Mr. Rafferty could not afford to hire new counsel, and the Court thus appointed counsel. If he had sufficient funds to hire a national law firm, there would not have been the same delays in reviewing discovery as funds would not have prevented uploading all the discovery onto a discovery review platform. Further, a large law firm would have numerous associates available to review discovery on the compressed trial schedule. Mr. Blackman should not be disadvantaged because he has appointed counsel.

Defense counsel understands the Court's desire to start this trial at the current date. But given the complex nature of the case, the difficulty in obtaining all the discovery, that defense counsel still does not have all discovery in a searchable format, and that the software that was supposed to allow counsel to run searches in the discovery was limited to only the productions the government deemed relevant, defense needs more time.

"[O]ur Government is not one of mere convenience or efficiency. It too has a stake, with every citizen, in his being afforded our historic individual protections, including those surrounding criminal trials. About them we dare not become careless or complacent when that fashion has become rampant over the earth." *Kotteakos v. United States*, 328 U.S. 750, 773 (1946).

Defense counsel conferred with the government, who stated it opposes this motion.

For these reasons, those in the *ex parte* addendum, and all those argued at a hearing, Mr. Blackman moves this Court to continue the trial date.

Respectfully submitted,

By:     */s/Julie Holt*
         Julie Holt
         Florida Bar No.: 95997
         Julie Holt Law PLLC
         40 NW 3rd Street PH 1
         Miami, Florida 33128
         Tel: (786) 505-4240
         julie@julieholtlaw.com