**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  23-CR-20271-DSL**

UNITED STATES OF AMERICA,

   Plaintiff,

v.

BRETT BLACKMAN,

   Defendant.

_____/

## RENEWED MOTION TO LIMIT MICHAEL PETRON'S TESTIMONY

Brett Blackman renews his motion to limit the testimony of Michael Petron previously filed February 9, 2026 (DE 332). Specifically, Mr. Blackman moves this Court to (1) limit the number of summary exhibits presented by government witness Michael Petron, and (2) prevent Mr. Petron from presenting evidence that improperly credits the testimony of other government witnesses or the government's interpretation of the evidence.

## BACKGROUND

On May 5, 2026, the government stated in court it intended to provide testimony and exhibits from this trial to its witness Michael Petron, who is testifying as an expert in his analysis of the Medicare claims data, and a summary witness in his analysis of the bank records. Defense objected. That evening, the government emailed defense counsel the portions of testimony it was going to provide to Mr. Petron. That testimony included not just testimony from Kris Rogers, the accountant,

1

but testimony from Gregory Schreck, Toni De Lanoy, and Vitaly Zubry. The government also stated that it would be providing government exhibits 604, 634, 638, 1220, and 1220a. The government indicated it was not providing the full testimony of Ms. Rogers or the other witnesses, but only portions. The portions the government is providing includes testimony about the fees HealthSplash charged its customers and witnesses' opinions about "what was problematic" about the setup of the HealthSplash software, among other topics, topics which have nothing to do with Mr. Petron's summaries of Medicare claims data and bank records. Defense counsel told the government that defense objected, and later objected in open court.

I.     **Evidence from Mr. Petron that certain accounts are controlled by Mr. Blackman based on his or the government's interpretation of the other evidence in the case is improper.**

Nine of the government's twenty financial "summary" exhibits categorize the accounts of National Center for Pain, Amici Holdings, Healthmax 360, All-Med, and various Kyndra Blackman accounts—accounts on which Mr. Blackman is not a signatory—as "Blackman-controlled accounts." *See* GX 139, 141, 148, 149, 151, 152, 153, 155, and 159. Government exhibit 148 includes a footnote stating, "All-Med x5196 has Kristina Rogers as a signatory. Assumed she transacted on behalf of Brett Blackman." GX 148, n. 2. In other words, Mr. Petron's testimony and the multitude of exhibits the government plans to introduce through him present to the jury the conclusion that Mr. Blackman controls the accounts of National Center for Pain, Amici Holdings, Healthmax 360 and All-Med. However, these are facts in dispute and are facts of which Mr. Petron has no personal knowledge. His conclusion that Mr.

2

Blackman controls those accounts is based on his interpretation of other testimony in the case, and presumably information the government told him. To allow Mr. Petron to present summary evidence that is based on his or the government's *interpretation of the other evidence* is improper, falls well outside the limits of Fed. R. Evid. 1006, and violates Mr. Blackman's due process rights guaranteed by the Constitution. *See United States v. Fullwood,* 342 F.3d 409, 413 (5th Cir.2003) ("[P]lainly, the rule does not contemplate summarization of live testimony presented in court."); *Minton v. Sec'y, DOC*, 271 F. App'x 916, 918 (11th Cir. 2008) ("In the due process context, we have held that expert testimony that bolsters another witness is improper and may result in the denial of fundamental fairness to the defendant.") (citing *Snowden v. Singletary,* 135 F.3d 732, 738 (11th Cir.1998)); *United States v. Schmitz*, 634 F.3d 1247, 1269 (11th Cir. 2011) (explaining that "credibility determinations are to be made by the jury, not the testifying witness" (citations omitted)).

Mr. Petron testifying that Mr. Blackman controls the accounts of National Center for Pain, Amici Holdings, Healthmax 360, and All-Med improperly presents to the jury conclusions based on other testimony as if it were fact. The line previously drawn by the Court—that Mr. Petron cannot state on what he based his assumptions—does not cure the improper bolstering of the government's theory and interpretation of the evidence. Mr. Petron would still be presenting to the jury that he has concluded that Mr. Blackman controls the disputed accounts. This either leaves the jury with the understanding that an expert has concluded Mr. Blackman

did indeed control the accounts, or requires defense counsel to cross-examine Mr. Petron on the basis of this conclusion. Cross-examining Mr. Petron on such would necessarily devolve into questions and answers about Mr. Petron's interpretation of Ms. Rogers's testimony—about what he understood Ms. Rogers to mean in certain parts of her testimony, and what parts of her testimony he did not credit. In other words, to try to cure the improper bolstering of Mr. Petron's assumption that those accounts are controlled by Mr. Blackman would be only to get deeper into his interpretation of the evidence, testimony which is improper and inadmissible.

Mr. Petron is allowed to summarize the financial records in this case, under Fed. R. Evid. 1006. He is also allowed to aggregate certain accounts and show how much money flowed into and out of certain groups of accounts. He can choose whichever accounts he wants to group together. But in doing so, the accounts should simply be identified by what the bank records show: the names of the accounts and any signatories to them. To identify certain accounts as "controlled" by Mr. Blackman when the records themselves do not show that goes beyond merely summarizing bank records. Instead, it is Mr. Petron's own view of the evidence, or the government's own view of the evidence, repeated to the jury as if it were fact. This is improper testimony under both Fed. R. Evid. 1006 and the Due Process Clause of the Constitution.

## II.   Numerous government exhibits are not summary exhibits allowed under Fed. R. Evid. 1006.

Additionally, numerous of the government's exhibits are not actually summaries of voluminous records, but merely exhibits highlighting the government's chosen pieces of evidence. For example, government exhibit 106 gives some details of

the claim information associated with the three substantive healthcare fraud counts. The information in this exhibit comes from three records—one for each claim. Exhibits 107–111 follow suit, each listing the details of a medical record and brace orders for a single person. None of this information comes from voluminous records, but from the single record of the single beneficiary. Similarly, exhibits 199–122, and 129 also apply only to a single person. None of these exhibits are proper summary exhibits under Fed. R. Evid. 1006, but instead are the government's closing argument from the witness stand. They should be excluded.

Further, government exhibits 124, 126, and 127 are irrelevant and misleading in that they suggest that the location of the patient and whether the DME supplier or the clinician was in a different state from the patient is relevant to the analysis of whether Mr. Blackman committed fraud. These exhibits should be excluded under Fed. R. Evid. 402 and 403.

Government exhibit 137 should also be excluded under Rules 403 and 1006, as the inclusion of the "Corrective Action Plan" line is not a proper summary exhibit and is instead an argument for the government to make at closing.

Finally, Mr. Blackman objects to the repeated footnote in the exhibits that the data is "limited to claims where no prior relationship existed between the beneficiary and the referring provider." For the reasons laid out in Mr. Blackman's original motion to limit the testimony of Ms. Sheehan and Mr. Petron (DE 332) and in court, the conclusion that "no prior relationship" existed between the patient and the

5

medical provider does not meet the requirements of Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. § 579 (1993).

### III. The Court should limit the number of summary exhibits the government can introduce.

The government intends to introduce nearly 60 "summary" exhibits through Mr. Petron. As the Eleventh Circuit has noted, "summary charts are to be used with caution, due to their potential for abuse." *United States v. Richardson*, 233 F.3d 1285, 1293 (11th Cir. 2000). Indeed, "a trial court is charged with grave responsibilities to make certain that an accused is not unjustly convicted in a 'trial by charts." *Id.* (internal quotations omitted). *See also*, *United States v. Nguyen*, 504 F.3d 561, 572 (5th Cir. 2007) ("Although the district court may admit summary witness testimony in limited circumstances, this court has repeatedly warned of its dangers. We have stressed that the purpose of summary evidence is not simply to allow the Government to repeat its entire case-in-chief shortly before jury deliberations. Summary witnesses may not be used as a substitute for, or a supplement to, closing argument.") (internal quotations omitted); *Baines v. United States*, 236 F.2d 833, 840 (5th Cir. 1970) ("A jury may be unduly impressed by the apparent authenticity of a government witness' chart computation, as such, rather than the truth and accuracy of the underlying facts and figures supporting them").

The risk of such happening here is even greater because the government is using the "summary" witness as an experts. "A jury may be unduly impressed by the apparent authenticity of a government witness' chart computation, as such, rather than the truth and accuracy of the underlying facts and figures supporting them."

*Baines v. United States*, 236 F.2d 833, 840 (5th Cir. 1970). This is even more so when the summary witness is also an expert: the witness's testimony has the imprimatur of expert testimony *and* the apparent authenticity of the chart, giving more than talismanic significance.

For the above reasons, those previously argued, and all argued in open court, this Court should limit Mr. Petron's testimony in the above manner and the government's number of summary exhibits.

Respectfully submitted,

By:     */s/Julie Holt*
        Julie Holt
        Florida Bar No.: 95997
        Julie Holt Law PLLC
        40 NW 3rd Street PH 1
        Miami, Florida 33128
        Tel: (786) 505-4240
        julie@julieholtlaw.com

7